THE CITY OF GOODLAND, *Plaintiff*, v. JAMES M. NATION, *as Auditor of the State of Kansas, Defendant.*

No. 16,700.

SYLLABUS BY THE COURT.

CITIES—*Bonded Indebtedness—Limitation.* Section 1 of chapter 91 of the Laws of 1909 and section 8 of chapter 62 of the Laws of 1909, as to the provisions relating to the amount of bonds thereby authorized to be issued by cities of the second or third class, are construed as one act, and limit the amount of bonds which may be issued to one and one-half per centum of the assessed value of taxable property in the city for the year previous to the issuance of the bonds, except, as provided in chapter 91, such cities may issue bonds in an amount not to exceed the existing floating indebtedness of such city, such bonds to be used in the redemption of the orders, warrants and scrip of such city outstanding May 1, 1909.

Original proceeding in mandamus. Opinion filed March 12, 1910. Peremptory writ granted.

*C. C. Perdieu,* for the plaintiff.

*Fred S. Jackson,* attorney-general, *John Marshall,* assistant attorney-general, and *Charles D. Shukers,* special assistant attorney-general, for the defendant.

The opinion of the court was delivered by

SMITH, J.: On the petition of the plaintiff an alternative writ of mandamus was allowed, and in response thereto the defendant filed a motion to quash the writ on the ground that neither the writ nor the petition states facts sufficient to constitute a cause of action or to entitle the plaintiff to the relief prayed for. The case is submitted for judgment on the pleadings. Treating the motion as a general demurrer, the facts admitted thereby are, in substance, as follow:

The city of Goodland is a city of the second class, and on the first day of May, 1909, had outstanding a bonded indebtedness of $20,000 and a floating indebtedness of $21,000. The assessed valuation of taxable

property in the city in 1908 was $1,511,929. After
May 1, 1909, the city proceeded, in substantial compli-
ance with the statute, to vote, issue and register with
the county clerk bonds in the sum of $21,000 to redeem
the orders, warrants and scrip outstanding, and pre-
sented the same to the defendant, the auditor of state,
for registration. The auditor ruled that the city was
entitled to issue additional bonds to the amount of
about $2700 only, under the limitation provided in sec-
tion 8 of chapter 62 of the Laws of 1909, restricting
such issue to one and one-half per centum of the as-
sessed value of all the taxable property within the city
as shown by the assessment books of the year previous.
He refused to register bonds to any greater amount.
This section, which the defendant contends is applica-
ble, reads:

"Section 1, chapter 128 of the Laws of 1907, is
hereby amended to read as follows: Section 1. At no
time shall the bonded indebtedness of any city of the
second class exceed one and one-half per centum of the
assessed value of all the taxable property within said
city, as shown by the assessment books of the year
previous to the one in which a new issue of bonds is
proposed to be made; provided, bonds issued to pay
the cost of improvement for which a special tax is
levied upon the property improved, and bonds issued
to pay the cost of improvements of intersections of
streets, alleys and avenues and that portion of the
street immediately in front of city property, shall not
be included in estimating said bonded indebtedness;
and provided, further, that nothing in this section shall
be construed to prevent the issuing of bonds to refund
existing bonded indebtedness; but nothing herein shall
affect bonds issued or that may be issued hereafter
under and by virtue of chapter 101 of the Laws of
1905."

The foregoing statute took effect March 8, 1909.
The plaintiff contends, for reasons which we need not
discuss, that the restriction in section 8 is invalid if
applicable to this case, and says the issue of the bonds
in question is expressly provided for in section 1 of

chapter 91 of the Laws of 1909, which took effect April 1, 1909, and which is the last pronouncement of the law. The portion of section 1 applicable reads:

"The mayor and councilmen of any city of the second or third class are hereby authorized to issue the bonds of such city in an amount not to exceed the existing floating indebtedness of such city, said bonds to be used in the redemption of the outstanding orders, warrants and scrip of such city outstanding May 1, 1909."

The defendant maintains that both acts are valid, and that it must be presumed that chapter 91 was enacted with knowledge of the restriction contained in chapter 62 and that such restriction should be read into the latter act as an exception.

In view of the general policy of the legislature to enable cities to issue bonds and thereby to distribute the payment for necessary improvements through a number of years instead of requiring a levy to pay all in one year, we think it was the purpose of the legislature rather to make the provision in chapter 91 an exception to the restriction in chapter 62. The two acts having been passed by the legislature at the same session, and so nearly at the same time, should as to these provisions be regarded as one act. Thus construed, the issue of bonds in cities of the second and third classes is limited in amount to one and one-half per centum of the assessed value of taxable property in the city for the year preceding that in which the issue is made, except, as provided in chapter 91, that bonds may be issued to the amount of the floating indebtedness of such city, such bonds to be used to pay the orders, warrants and scrip of such city outstanding May 1, 1909.

The peremptory writ is allowed. Judgment against the defendant for costs.