## JACKSON v. BIGHORSE et al.

No. 19653.   Opinion Filed Sept. 9, 1930.

Rehearing Denied Nov. 11, 1930.

Chas. W. Wortman and Wilson & Duncan, for plaintiff in error.

John W. Tillman, Fred A. Tillman, and Welcome D. Pierson, for defendants in error.

HERR, C. This was an action originally brought in the district court of Osage county by H. N. Jackson against Louis and Ida Bighorse to recover on a promissory note in the sum of $6,436.30. The note was executed to E. Selby, since deceased. Plaintiff purchased the note at administrator's sale paying therefor the sum of $1. The sale was confirmed by the probate court. Plaintiff claimed ownership through these proceedings. The defense was payment. Trial was to the court, resulting in a judgment in favor of defendants. Plaintiff appeals.

The main assignment is that the judgment is not sustained by the evidence. The record discloses that the note in question was pledged by deceased to the First National Bank of Pawhuska as collateral security to an indebtedness then owing by deceased to said bank. Defendant Louis Bighorse testified that he paid the note in question to the bank; that payment was made partly in checks and partly by and through a loan made by him from said bank; that he dealt with A. N. Ruble, cashier of the bank. Mr. Ruble was dead at the time of trial, and his testimony was, therefore, not available.

H. H. Brenner, president of the bank, however, after refreshing his memory from the records of the bank, testified that the note was paid to the bank by defendants. The records of the bank were introduced in evidence. These records, unexplained by extrinsic evidence, prove nothing. They simply show that the defendant borrowed a certain amount of money from the bank, and that the proceeds thereof went to pay certain indebtedness of defendants. Brenner, however, testified that the note in question was one of the debts paid by said loan. While the evidence as to payment is not altogether satisfactory, there is some evidence reasonably tending to support the same, and, under repeated holdings of this court, we are bound thereby.

The next assignment is that there is a variance between the allegations of the answer and the proof. The answer alleged that the note was paid in full during the month of July, 1925. Defendant Louis Bighorse was permitted to testify, over objections of plaintiff, that partial payments were made during the year 1924, and that the balance was paid in the year 1925. This assignment is too technical for serious consideration. There is no fatal variance between the answer and the proof, and there was no error in admitting the evidence objected to.

Defendant offered to prove by L. F. Roberts, who had been attorney for the administratrix of the deceased, that he made no

effort to collect the note in question for the reason that Mr. Ruble, cashier of the bank, informed him that the note was paid by defendants. The court excluded this offered evidence, but permitted the witness to testify, over objections of plaintiff, that after consulting with Mr. Ruble he made no effort to collect the note. This ruling is assigned as error. We can see no harm in the admission of this evidence. Should we hold the same improperly admitted, we would not reverse the judgment by reason thereof.

No reversible error is shown by the record. The judgment should be affirmed.

BENNETT. TEEHEE, REID, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.