## EVANS v. FIELDER.

No. 22146.   Oct. 16, 1934.

Rehearing Denied Nov. 13, 1934.

J. B. Leedy, for plaintiff in error.

J. W. Burrow, for defendant in error.

PER CURIAM. In the trial court J. G. Evans appeared as defendant and Roy E. Fielder as plaintiff. For brevity the parties to this action will be referred to as they appeared in the trial court.

On the 14th of March, 1930, plaintiff began this action in the district court of Ellis county, Okla., against J. G. Evans and B. F. Rushing to recover the sum of $1,643.75 alleged to be a balance due him as a commission on a real estate transaction involving 2,555 acres of land in Deaf Smith county, Tex. A summons was issued and legally served on J. G. Evans in the time and manner provided by law.

On March 18, 1930, attachment proceedings were duly begun, and on March 20, 1930, a quarter section of land belonging to J. G. Evans in Ellis county, Okla., was duly attached. On April 5, 1930, J. G. Evans filed a motion to quash this attachment. On April 18, 1930, another attachment order was issued, but no legal levy upon any property was made. On April 24, 1930, J. G. Evans filed another motion to quash attachment, in substance, the same as his motion to quash attachment filed on April 5, 1930. On June 16, 1930, the court overruled motion to quash attachment.

On October 9, 1930, the action was continued as to B. F. Rushing, because he had not been served with summons. By agreement of the parties, a jury was waived and the action was tried to the court without a jury. The evidence was offered and received with but a few objections and still fewer exceptions, and no objections or exceptions to the material evidence on the merits or on the attachment. The trial court found the issues on the merits of the action and on the attachment in favor of plaintiff and entered its judgment in favor of plaintiff and against the defendant, J. G. Evans, for the amount sued for, and sustaining the attachment and ordering the attached property sold to satisfy the judgment. The defendant did not object or accept to this judgment. The defendant filed his motion for a new trial, which was overruled by the court. To this judgment overruling the motion for a new trial, the defendant excepted and has appealed to this court.

Plaintiff's evidence was, in substance, that the defendant employed plaintiff to aid the defendant in trading or selling 2,555 acres of land belonging to the defendant and located in Deaf Smith county, Tex.; that the plaintiff and his agents performed this service for the defendant. The plaintiff was to receive a commission of $1.25 an acre, or a total sum of $3,193.75; $1,500 of this sum was paid by being credited by the defendant on the note of Walter F. Fisher held by the defendant Evans, and $50 of this sum was paid by being credited by the defendant on the note of R. J. Fisher, held by the defendant, J. G. Evans, leaving a balance of $1,643.75 due plaintiff on the commission; and that the Fishers were the agents of plaintiff and assisted him in securing the trade for defendant's land.

The balance due plaintiff was not paid when it was due at the completions of the trade, and plaintiff repeatedly endeavored to get defendant to pay. He afterwards offered to accept and the defendant agreed to give him a bankable note signed by J. G. Evans, B. F. Rushing, and a banker by the name of Fritz, to be due after the next harvest. This note was never given or offered to him. Plaintiff offered to accept some of the notes received by the defendant on the land deal, but the defendant never acted on this offer. Defendant agreed to pay plaintiff when he sold the notes received by him on the land deal, but he sold these notes and still failed to pay plaintiff

anything. Plaintiff's evidence is corrobo-rated by the testimony of Walter F. Fisher and the facts and circumstances in the case.

The defendant admits in his pleadings and in his evidence that he owes defendant $1,450 on the transaction, but that plaintiff had agreed to accept a note executed by himself and B. F. Rushing for that amount due on the 14th day of November, 1930. Defendant admits in his testimony that this note was never offered to plaintiff until it was tendered in defendant's answer in this action.

On the attachment proceedings herein, the evidence was that defendant's residence was and had been for 30 years at Happy, Tex.; that at the time of the attachment levy, he was disposing of the land attached, and that this land was all the property owned by defendant in Ellis county, Okla. The attachment proceedings are in substantial compliance with the statutes of this state. The defendant did not object or except to the final judgment which sustained this attachment and ordered the attached property sold to satisfy plaintiff's judgment.

This is a law action tried to the court on the merits and on the attachment proceedings without the intervention of a jury. Competent evidence reasonably supports the judgment of the trial court on both issues.

"In a law case tried before the court without the intervention of a jury, the judgment and findings of the court has the same force and effect as the verdict of a jury, and the same will not be disturbed by the Supreme Court where there is any competent evidence reasonably supporting it." Southland Refining Co. v. Jaskson, 149 Okla. 286, 1 P. (2d) 410; Jackson v. Bighorse, 146 Okla. 1, 293 P. 556; School Dist. No. 60 v. Crabtree, 146 Okla. 197, 294 P. 171.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge John S. Burger, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.