O'CONNOR v. O'CONNOR et al. (McAULIFFE, Intervener).

No. 31743. Dec. 5, 1944.

*154 P. 2d 76.*

O. A. Cargill, of Oklahoma City, for plaintiff in error.

T. Murray Robinson, R. B. McCabe, and Leon Shipp, all of Oklahoma City, for defendants in error.

J. B. Dudley, of Oklahoma City, for intervener.

CORN, C.J. Plaintiff in error commenced an action for separate maintenance by filing a petition on the 15th day of July, 1935, against Michael J. O'Connor, now deceased, Margaret Arnold, Pauline Thurston, and Louie Eck. The petition, after alleging the grounds for separate maintenance, alleged that the defendants, Margaret Arnold, Pauline Thurston, and Louie Eck, are each indebted to the defendant, Michael J. O'Connor, in an amount unknown to the plaintiff; that the defendant Louie Eck is a tenant upon a piece of property described therein as the southwest quarter of section 29, township 14 north, range 4 west, I. M., and that the proceeds of his contract of tenancy are lawfully assigned to the defendant Michael J. O'Connor by the defendants Margaret Arnold and Pauline Thurston. Praying that the defendant Michael J. O'Connor be required to pay to the plaintiff such sum for her support and maintenance as the court may deem reasonable, and that the defendants Margaret Arnold, Pauline Thurston, and Louie Eck be required to show cause why the said described property should not be impressed with a lien to the extent of the alimony awarded, and that a receiver be appointed to take charge of said lands and receive the rents and profits therefrom.

An application for the appointment of receiver was filed and on July 25, 1935, the trial court appointed Louie Eck, the tenant, trustee of the property to retain all of the moneys received until termination of the suit.

On the 16th day of August, 1935, the defendant Margaret Arnold filed her answer to the petition, alleging that she was an improper party to the action; that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff against her; denied the allegations of the petition, except those specifically admitted; admitted that she is the owner of an undivided one-half interest in the property therein described as the southwest quarter of section 29, township 14 north, range 4 west, Oklahoma county, Okla., but denied that she had assigned to the defendant Michael O'Connor the rents and profits arising therefrom; further alleged that all of the matters involved in the action were litigated in a certain action between her, Pauline Thurston, who is and was the owner of the other one-half interest in and to said described property, the plaintiff in this action, and the defendant Michael J. O'Connor, in an action in the district court of Oklahoma county, Okla., entitled Margaret Arnold and Pauline Thurston v. Michael J. O'Connor et al., defendants, No. 58809, in which action judgment was rendered in favor of the plaintiffs and against the said Grace O'Connor and Michael J. O'Connor, decreeing that the plaintiffs in said action were the owners of said real estate and quieting the title in said plaintiffs, perpetually enjoining and forbidding the defendants from claiming any right, title, interest, or estate in and to said property, hostile or adverse to the said plaintiffs therein, and from disturbing

the plaintiffs in their peaceable and quiet enjoyment of said premises; that the judgment had become final and was a complete adjudication of all the claims and rights of the plaintiff herein, Grace O'Connor, and the defendant Michael J. O'Connor, in and to the premises above described; a copy of the judgment so rendered was attached to the answer as Exhibit "A" and made a part thereof; that the plaintiff herein, Grace O'Connor, was a party to said action and filed an interplea therein, a copy of said interplea being attached to the answer, marked Exhibit "B" and made a part thereof.

The defendant Michael J. O'Connor filed an answer, consisting of a general denial.

Thereafter, on the 30th day of September, 1935, without notice to the defendants and without regular assignment for trial, the trial court entered an order in the absence of the defendants finding that the defendant Michael J. O'Connor was the owner of and entitled to receive the rents and profits accruing from the lands described as the southwest quarter of section 29, township 14 north, range 4 west of the Indian Meridian; that the plaintiff's cause of action as to its merits should be continued until the 18th day of October, 1935; that the plaintiff is without means of support for herself and children; that the defendant Louie Eck is in possession of the property above described, and directing him to pay forthwith the sum of $100 to the plaintiff, out of the rents and profits accrued, as a matter of temporary alimony due from the defendant Michael J. O'Connor, and directing him to continue to retain in his possession the balance of such rents and profits accrued or as they accrue until further order of the court.

On the 18th day of October, 1935, the defendants Michael J. O'Connor and Margaret Arnold filed a motion to set aside the order for the reason that the court was without jurisdiction to make the same; that the rents and profits of said property were the property of the defendant Margaret Arnold, and that by reason thereof the court's order is null and void as to the defendant Margaret Arnold; that one-half of the rents and profits arising from said premises were the property of the defendant Pauline Thurston, and that no service had been had or attempted upon said defendant Pauline Thurston, and that she was a nonresident of the State of Oklahoma; that these defendants had no notice whatever of the hearing of said cause on the 30th day of September, 1935, as shown by affidavits attached thereto, and that said defendants had a good and valid defense to said action as shown by their answers on file.

Thereafter, on the 1st day of November, 1935, the motion to set aside the order of September 30, 1935, came on for hearing, and the court, after hearing evidence and argument of counsel, found the issues in favor of the defendants and against the plaintiff, and that the plaintiff was not entitled to the relief prayed for. The court overruled the motion of the defendant Michael J. O'Connor and Margaret Arnold to set aside the order made on the 30th day of September, 1935, and decreed that the plaintiff take nothing against the defendants Michael J. O'Connor and Margaret Arnold and Louie Eck, and that they go hence with their costs.

On the 4th day of November, 1935, the plaintiff, Grace O'Connor, filed her motion for a new trial, wherein it is alleged that the court's previous order was against the weight of the evidence; that the judgment was contrary to law, and asked that the same be vacated and held for naught.

Thereafter, on the 18th day of November, 1935, the plaintiff filed a motion to correct the journal entry, wherein it is alleged that by inadvertence the order failed to show award for separate maintenance and failed to fix the amount thereof or the manner of enforcing and collecting the same and asked that the order be corrected.

No journal entry upon this motion is shown, no appearances are shown and

no hearing is shown, but at page 60 of the case-made there is reflected a court minute under the date of December 23, 1935, wherein it is provided "journal entry corrected as amended granting plaintiff decree of separate maintenance and fixing the amount to be paid at $20 per month. Exceptions allowed both parties all as per J. E." (Hill.)

Thereafter, on the 26th day of December, 1935, the defendant Michael J. O'Connor filed a motion for a new trial, alleging that the amount of recovery was too large; that the judgment of the court was not sustained by the evidence and was contrary to law; that the court erred in modifying the judgment rendered herein on the 1st day of November, 1935; error of law occurring at the trial; error of the court in overruling the demurrer to the evidence of the plaintiff; error of the court in refusing to render judgment in favor of the defendant; error of the court in refusing to admit in evidence certain depositions, and error of the court in overruling the demurrer of the defendant to plaintiff's petition.

The court, upon the application of the defendant Louie Eck for instructions relative to disposition of rents ordered held by him, ordered said defendant to dispose of such parts of said rents as in his opinion should be disposed of and sold.

On the 18th day of December, 1936, the motion of the plaintiff, Grace O'Connor, for a new trial was overruled, and the plaintiff gave notice of her intention to appeal to the Supreme Court of the State of Oklahoma.

Neither party appealed. The time for appeal has long since elapsed and all valid orders of the court became final, leaving the judgment of November 1, 1935, wherein it was determined that the plaintiff take nothing as against the defendants, Michael J. O'Connor, Margaret Arnold, and Louie Eck, the final judgment in said cause, except the amendment shown in the court's minutes at C.-M. 60, providing for the payment of $20 per month as separate maintenance money with no showing as to who is liable therefor, with no impression of a lien upon the property, with no time limit as to payment thereof, no lump sum due and no final journal entry of judgment modifying the previous judgment.

Thereafter, on the 30th day of July, 1943, seven years later, the plaintiff filed a reply to the answer of the defendant Margaret Arnold, alleging that fraud was practiced upon the plaintiff in cause No. 58809, wherein the defendants Margaret Arnold and Pauline Thurston obtained a judgment quieting title to the property involved; that at the time of the rendition of said judgment, she had pending a divorce action against Michael J. O'Connor, numbered 6173-D in the district court of Oklahoma county, and that the said Michael J. O'Connor had conspired with the plaintiffs in cause No. 58809 to defeat her interest in said property; that she set forth the nature of this fraud in her plea of intervention in said cause No. 58809, but at that time was unable to make proof thereof; that the first proof obtainable of such conspiracy was obtained in the answer of the defendant Margaret Arnold in this cause; that by reason of such fraud the proceedings in cause No. 58809 were a farce; that the judgment rendered therein was not equitable and just; that she was entitled as a matter of law to one-half of the property involved herein, the southwest quarter of section 29, township 14 north, range 4 west, by reason of being the surviving spouse and mother of six children, who are the issue of the defendant Michael J. O'Connor, asking that upon a hearing the court award and decree to her and her minor children an undivided one-half interest in and to said property and grant such other and further relief to which she may be entitled.

Thereafter, on the 30th day of August, 1943, seven years after the rendition of the original judgment in this case, Grace O'Connor, as executrix of the last will and testament of Michael J.

O'Connor, deceased, filed a petition in said cause, wherein she made, after the formal part thereof, the same allegations as to fraud practiced in cause No. 58809 as she made in her reply above set forth, asked the court to construe the effect and validity of said judgment and quiet the title to said property in Michael J. O'Connor and his estate.

Thereafter, on the 8th day of September, 1943, the defendant Margaret Arnold moved the court to strike from the files and records the purported reply of the plaintiff, Grace O'Connor, and the purported petition of Grace O'Connor, administratrix of the estate of Michael J. O'Connor, deceased, for the reason that said reply and said petition were filed out of time; that said cause of action was finally decided a number of years back; that it is an attempt to attack collaterally the final judgment of this court in another case, and that the filing of said reply and said petition is an attempt to initiate a new cause of action; that the defendant Michael J. O'Connor has passed away, and that this action has become moot as well as having long since been finally adjudicated; and that the filing of said reply and petition is not in accordance with and is contrary to the practice and proceedings provided by the statutes of the State of Oklahoma. And on the 11th day of September, 1943, the defendant Margaret Arnold filed an amendment to said motion to strike adopting all of the matters and allegations set forth in her original motion, and further urging that the same be stricken from the files and records for the reason that this action has abated by the laws and statutes of the State of Oklahoma.

On the 14th day of September, 1943, a petition and intervention of P. T. McAuliffe, administrator of the estate of Mary J. O'Connor McAuliffe, deceased, was filed, alleging that the deceased was a daughter of Michael J. O'Connor and Ellen O'Connor, deceased; that in the year 1910, Ellen O'Connor executed a trust deed, conveying her interest in the southwest quarter of section 29, township 14 north, range 4 west, that said trust deed provided that the survivors of the four children, or their heirs named therein, should take title to the property. The four children were Mary O'Connor, Margaret O'Connor, Pauline O'Connor, and Anna O'Connor; that Mary O'Connor married P. T. McAuliffe; that an issue of said marriage, Richard McAuliffe, was born; that she died on December 28, 1921; and that this action is brought for and on behalf of the estate of Mary O'Connor, deceased, and her heirs, consisting of her husband, P. T. McAuliffe, and her son, Richard. That Anna O'Connor, the youngest of the four children, named in the trust deed, died on September 21, 1923, and that this matured the provisions of the trust deed. That in 1929, an action was brought by Margaret O'Connor Arnold and Pauline O'Connor Thurston against Michael J. O'Connor, cause No. 58809, for the conveyance under the provisions of the trust deed; that the court required that P. T. McAuliffe and Richard McAuliffe be made parties to the action; that they filed an answer therein. The intervener then makes the same allegations of fraud as contended in plaintiff's petition and prays that the judgment in cause No. 58809 be set aside, and that the court reconstrue the provisions of the trust deed, and decree to the estate of Mary O'Connor McAuliffe a one-third interest in the property.

Thereafter, the defendant Margaret Arnold moved the court to strike said petition in intervention from the files for the reasons that:

"1. It was improperly filed in this cause of action.

"2. That this case was finally adjudicated in 1936, and that there is nothing further to adjudicate herein.

"3. That the allegations therein show an attempt to attack collaterally the final judgment of the court in another case.

"4. That this action has abated by the death of Michael J. O'Connor.

"5. That the filing thereof is contrary to the practice and proceedings as provided by the statutes of the State of Oklahoma and the rules of this court."

Thereafter, on November 30, 1943, the cause came on for hearing, and after argument of counsel, the court sustained the motion of the defendant Margaret Arnold, and found that all of the questions sought to be litigated by the petition in intervention of P. T. McAuliffe, administrator of the estate of Mary O'Connor McAuliffe, deceased, the reply of Grace O'Connor and the petition of Grace O'Connor, executrix of the last will and testament of Michael J. O'Connor, deceased, were settled and adjudicated by the previous judgment of the court, are not now allowable pleadings; that the cause abated upon the death of Michael J. O'Connor and should be stricken from the files, and ordered all of the pleadings stricken from the files. Exceptions were saved, motions for new trial were filed; the same were overruled, exceptions saved, and notice of appeal given.

Although the pleadings are rather complex, the issues now before the court are relatively simple. The defendant Margaret Arnold, upon the institution of the cause at bar, contended by her answer therein that the questions concerning the ownership of the property involved had been completely and finally adjudicated in cause No. 58809. Upon a hearing thereof, in her absence and without notice and without regular assignment for trial, the court determined that Michael J. O'Connor was the owner of the land, entitled to the rents and profits therefrom, that the plaintiff was without means of support and entitled to be paid immediately the sum of $100 for temporary maintenance, and as a part of the same order continued the cause of action for a hearing upon its merits until October 18, 1935.

On this date, both Michael J. O'Connor and Margaret Arnold filed motions to set aside the order. At a hearing upon the motions and upon the merits of the cause of action, the court modified its original order by finding the issues in favor of the defendants and against the plaintiff; decreeing that the plaintiff take nothing as against the defendants Michael J. O'Connor and Margaret Arnold, and that they go hence with their costs. This became the final judgment of the court in the case at bar, except for the court minutes under the date of December 23, 1935, wherein it is provided that the journal entry be corrected, granting the plaintiff a decree of separate maintenance and fixing the amount to be paid at $20 per month.

The plaintiff and the intervener now attempt, seven years later, and after the death of the defendant Michael J. O'Connor, to relitigate not only the questions finally determined by the court's judgment of November 1, 1935, but the questions determined also by cause No. 58809 decided by the trial court on the 27th day of August, 1929, and affirmed by the Supreme Court March 15, 1932, in O'Connor et al. v. Arnold, 155 Okla. 295, 9 P. 2d 25. This, she cannot do. The judgment in cause No. 58809, as affirmed by the Supreme Court, constituted a complete bar to another adjudication of title to the property involved between these parties.

The judgment of November 1, 1935, in the cause at bar, decreeing that plaintiff take nothing as against the defendant Margaret Arnold constitutes another complete bar.

In Cherry et al. v. Godard et al., 179 Okla. 158, 64 P. 2d 315, this court held in syllabus 1:

"When an issue of law or fact is once tried upon the merits and finally decided by a court of competent jurisdiction having jurisdiction of the subject matter and of the parties and the power to decide the issue, the same question cannot thereafter be retried and decided differently in another subsequent and different action between the same parties, provided, of course, the plea of res adjudicata or estoppel by judgment is properly presented by the pleadings. . . ."

Judgment affirmed.

GIBSON, V. C. J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.